Application GRANTED. Petitioners seek to redact Respondent's home address and telephone number from several filings on the public docket. With respect to Respondent's address, Petitioners' proposed redactions conform to this Court's Individual Rule 6, which states, *inter alia*, that home addresses can be partially redacted from court filings without prior permission. Regarding Respondent's telephone number, while the document on which the number appears is a judicial document to which a presumption of public access attaches, *see, e.g., United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), "the Court finds this traditionally private information weighs heavily in the Court's balancing against the presumption of public access, *see, e.g., United States v. Amodeo*, 71 F.3d at 1044, 1050-51 (2d Cir. 1995), and otherwise has no bearing on the lawsuit, and therefore the public will not be prejudiced if denied access to this information." *Cantinieri v. Verisk Analytics, Inc.*, No. 21 Civ. 6911, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (citing *Cohen v. Gerson Lehrman Grp. Inc.*, No. 09 Civ. 4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011)). Because Plaintiffs' proposed redactions are sufficiently narrowly tailored and pertain to only presumptively private information, the application is **GRANTED**.

The Clerk of Court is respectfully directed to place the following docket entries under seal with access limited to the applicable parties: ECF Nos. 3-1, 6, 7, 18, 19, 23, and 24. ECF No. 29, which contains Petitioners' proposed redactions to the aforementioned documents, shall remain under seal with access limited to the applicable parties. The Clerk of Court is also respectfully directed to terminate ECF No. 28.

Dated: May 14, 2025
New York, New York

Dale E. Ho
United States District Judge

    Re:    *Banco Credit Suisse (Mexico), S.A. and Casa de Bolsa Credit Suisse (Mexico) S.A. de C.V. vs. Luis Macías Gutiérrez Moyano*, Case No. 25-cv-01160 (DEH); [~~and Case No. 25-cv-03020 (DEH)~~]

<u>Letter Motion to Redact Respondent's Personal Information</u>

Dear Judge Ho:

       We represent the Petitioners Banco Credit Suisse (Mexico), S.A. and Casa de Bolsa Credit Suisse (Mexico) S.A. de C.V. in this action. We write to request an Order from the Court that ECF Documents 3-1; 6, 7, 18, 19, 23, and 24, be prospectively sealed to protect Respondent's home address and telephone number from public view pursuant to Rule 6 of Your Honor's Individual Rules and Practices in Civil Cases. ECF 3-1 is a copy of the arbitration Award Petitioners seek to have confirmed in this action, attached as Exhibit A to the Splittgerber Declaration in support of the Petition to Confirm. Subject to the Court's permission and any further instruction, we would then refile the Declaration in Support with a redacted copy of Exhibit A to replace current docket entry ECF 3-1. The remaining documents relate to Petitioners' request for a Summons (ECF 6), the Summons issued (ECF 7), Petitioners' proposed Orders (ECF 18, 19, and 23), and the Court's Preliminary Injunction Order (ECF 24). Respondent's home address and telephone number were included in those filings for purposes of providing an address for service on Respondent. Subject to the Court's permission, we would also refile ECF Nos. 6, 7, 18, 19, 23 and 24 as redacted copies to replace the current docket entries.

       This request is made with Respondent's consent and at his behest.

       The request to seal and redact is narrowly tailored, as it is designed only to protect Respondent's presumptively sensitive personal information. The limited redaction will not

May 13, 2025
Page 2

impinge on the presumption of the public's right to access judicial documents in this case.[1] Moreover, Respondent's personal information is no longer in dispute or necessary for Your Honor's determination of any issues in this case,[2] as Respondent has now acknowledged service and his actual notice of this action, consented to electronic service of all process through his counsel in Mexico, waived any additional personal service pursuant to any international agreements that might apply, and stipulated that he does not oppose confirmation of the final arbitration Award (*see* ECF No. 26-2).

Consistent with Rule 6.d.iii. of Your Honor's Individual Rules and Practices in Civil Cases, Petitioners are (1) publicly filing on ECF this letter motion with electronically-related copies of ECF Nos. 3-1,[3] 6, 7, 18, 19, 23, and 24 (Exhibits A through G to this letter motion) with the proposed redactions; and (2) filing them under seal on ECF, with the proposed redactions highlighted in the attached copies of ECF Nos. 3-1, 6, 7, 18, 19, 23, and 24 (Exhibits A through G).

Accordingly, Petitioners respectfully request that the Court approve the proposed redactions and order sealing of ECF Nos. 3-1, 6, 7, 18, 19, 23, and 24.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

*/s/ Scott J. Splittgerber*
Scott J. Splittgerber

*Attorneys for Banco Credit Suisse (Mexico),*
*S.A. and Casa de Bolsa Credit Suisse (Mexico)*
*S.A. de C.V.*

Cc:   Luis Macías Gutiérrez Moyano

---

[1] *See, e.g.*, *Dubose v. Suny Mar. Coll. Off. of Fin. Aid*, No. 1:24-CV-05547 (JLR), 2025 WL 887585, at *2 (S.D.N.Y. Mar. 21, 2025) (ordering redaction of addresses and phone numbers "[b]ecause '[t]he public interest in [individual contact information] is low and the privacy interest is high'") (quoting *In re SunEdison, Inc. Sec. Litig.*, No. 16-CV-7917 (PKC), 2019 WL 12043498, at *4 (S.D.N.Y. Sept. 25, 2019)).

[2] *See Spencer-Smith v. Ehrlich*, No. 23-CV-2652 (LJL), 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) ("Given that [the party's address and personal phone] information has no relevance to the dispute at bar, and that such redactions would be narrowly-tailored, the Court finds that the privacy interests of the parties whose contact information is at issue outweigh the presumption of access."); *see also Cantinieri v. Verisk Analytics, Inc.*, No. 21CV6911NJCJMW, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (granting redaction of addresses and phone numbers; finding that a party's and other individuals' personal addresses and phone numbers were "traditionally private information" that "had no bearing on the lawsuit" and therefore the redactions would not prejudice the public's right of access).

[3] The only proposed redactions are on page 9 of Exhibit A (page 3 of the Final Award).