UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BANCO CREDIT SUISSE, et al.,<br><br>                    Petitioners,<br>v.<br>LUIS MACÍAS GUTIÉRREZ MOYANO,<br><br>                    Respondent. | 25 Civ. 1160 (DEH)<br><br>**MEMORANDUM ORDER** |
| BANCO CREDIT SUISSE, et al.,<br><br>                    Petitioners,<br>v.<br>RAFAEL HELGEURO RUIZ,<br><br>                    Respondent. | 25 Civ. 3020 (DEH)<br><br>**MEMORANDUM ORDER** |

DALE E. HO, United States District Judge:

    These cases arise from arbitration proceedings before the International Chamber of Commerce ("ICC") concerning employment disputes and litigation in Mexico.

    On February 10, 2025, Banco Credit Suisse (Mexico), S.A. ("Banco Credit Suisse") and Casa de Bolsa Credit Suisse (Mexico), S.A. DE C.V. ("Casa de Bolsa"), (collectively, "Petitioners") filed a Petition and Motion to Confirm Arbitration Award, along with supporting materials, in case 25 Civ. 1160 ("*Macías*").  *See Macías* Pet., ECF No. 1; Mem. of Law in Supp. of Pet. ("*Macías* Mem."), *Macías* ECF No. 4.

    On April 11, 2025, Petitioners filed a separate Petition and Motion to Confirm Arbitration Award, along with supporting materials, in case 25 Civ. 3020 ("*Helguero*").  *See Helguero* Pet., *Helguero* ECF No. 1; Decl. of Scott Splittgerber, *Helguero* ECF No. 5; Mem. of Law in Supp. of Pet. ("*Helguero* Mem."), *Helguero* ECF No. 6.  Petitioners also seek arbitrator's fees and pre-judgment interest.

For the reasons set forth below, Petitioners' motions are **GRANTED**, and the Arbitration Awards are **CONFIRMED**.

## BACKGROUND

Banco Credit Suisse "is a bank and financial services firm offering private banking, advisory asset management, and other services and a corporation organized under the laws of Mexico, with its principal place of business in Mexico City, Mexico." *Macías* Pet. ¶ 2; *Helguero* Pet. ¶ 2. "Casa de Bolsa is a registered broker dealer, and a corporation organized under the laws of Mexico, with its principal place of business in Mexico City, Mexico." *Macías* Pet. ¶ 3; *Helguero* Pet. ¶ 2. "Respondent Macías is a Mexican citizen residing in Mexico and was an employee of Petitioners from at least June 2010 until January 31, 2023." *Macías* Pet. ¶ 4. "Respondent Helguero is a Mexican citizen residing in Mexico and was an employee of Petitioners from approximately June 20, 2012, until January 31, 2023." *Helguero* Pet. ¶ 4.

During their employment with Petitioners, Macías and Helguero received compensation in the form of "various securities-based, incentive Awards," which was governed by "the Credit Suisse Group AG Master Share Plan ("MSP") and its International Supplement," (collectively the "Plan"). *Macías* Pet. ¶ 11; *Helguero* Pet. ¶ 11. Section 15(j) of the MSP contains a dispute resolution clause, which states in pertinent part:

> Any dispute between the Group (including, without limitation, each applicable Employer) and a Participant, including without limitation, any dispute under the Plan or an Award Certificate shall be finally settled . . . under the Rules of the Arbitration of International Chamber of Commerce . . . .

*Macías* Pet. ¶ 12; *Helguero* Pet. ¶ 12. Respondents were ultimately terminated, with the parties executing separation agreements in January, 2023. *See Macías* Pet. ¶ 15; *Helguero* Pet. ¶ 15.

By summonses dated June 29, 2023, Respondents brought suit against Petitioners in the Mexican Federal Labor Conciliation and Registration Center in Mexico City, seeking the

2

"payment of benefits related to Awards issued under the Plan . . . ." *Macías* Pet. ¶ 16; *Helguero* Pet. ¶ 16. Then, on August 4, 2023, Petitioners commenced arbitration against each of the Respondents before the ICC in New York, "seeking declaratory and other relief, and reserving their rights to seek additional interim and injunctive relief." *Macías* Pet. ¶ 18; *Helguero* Pet. ¶ 18.

On January 16, 2025, an arbitrator issued a final Award against Respondent Macías, which

> (a) declared that the subject matter of the dispute between the Parties is subject to the exclusive arbitration clause in the Credit Suisse Group AG Master Share Plan, (b) found that Respondent breached the arbitration agreement by filing claims covered by the MSP in the Mexican national courts rather than in international arbitration, (c) ordered that Respondent submit any claims asserted in the Mexican federal labor courts that he wished to continue to international arbitration, in accordance with the arbitration provision of the MSP, and enjoined Respondent from continuing to pursue his claims covered by the MSP in any forum other than international arbitration per the MSP's arbitration agreement, and (d) ordered Respondent to pay Claimants the amount of US $179,317.40 for reimbursement of their attorneys' fees related to seeking interim relief and their arbitration and forum costs.

*Macías* Pet. ¶ 30.

On January 16, 2025, an arbitrator issued a final Award against Respondent Helguero, which

> (a) declared that the subject matter of the dispute between the Parties is subject to the exclusive arbitration clause in the Credit Suisse Group AG Master Share Plan, (b) found that Respondent breached the arbitration agreement by filing claims covered by the MSP in the Mexican national courts rather than in international arbitration, (c) ordered Respondent to withdraw or abandon his claims in the ongoing action before the Federal Labor Court in Mexico City, Mexico, (d) ordered that Respondent submit any claims asserted in the Mexican federal labor courts that he wished to continue to international arbitration, in accordance with the arbitration provision of the MSP, (e) ordered that the Parties shall bear their own costs and attorneys' fees, and (f) ordered that the Parties equally pay the fees and expenses of the arbitrators.

*Helguero* Pet. ¶ 30. With respect to arbitrator's fees (compensation and expenses incurred), the ICC fixed the amount of fees at $14,235. *See Helguero* Pet. at 9 n.6. One half of that amount, as awarded by the arbitrator, is $7,117.50. *See id.* at 9.

Petitioners now seek confirmation of the Arbitration Awards before this Court. Respondents have not appeared.

3

## LEGAL STANDARDS[1]

Confirmation of an arbitration proceeding is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co., Ltd. v. Mong.*, 11 F.4th 144, 160 (2d Cir. 2021); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022). "Arbitration panel determinations are generally accorded great deference under the" Federal Arbitration Act ("FAA") to promote the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited"); *see also Beijing Shougang Mining Inv. Co.*, 11 F.4th at 160. "Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, . . . an award is presumed valid unless proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 382 (2d Cir. 2023). Even if the Court disagrees with the arbitrator's findings on the merits, it should confirm the arbitration award so long as there is a "barely colorable justification for the outcome reached." *Id.* at 383. Conversely, an unopposed petition to confirm an arbitration award, which is treated as "an unopposed motion for summary judgment," must fail "where the undisputed facts fail to show that a movant is entitled to judgment as a matter of law." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. N.Y.*, 988 F.3d 618, 625 (2d Cir. 2021). Under this process, the Court must confirm an arbitration

---

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation marks, brackets, and ellipses, unless otherwise indicated.

award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award. *See id.* § 10(a)(1)–(4).

## DISCUSSION

**I.    Confirmation of the Arbitration Award**

Petitioners seek confirmation of the Arbitration Awards. There is "an extremely deferential standard of review . . . in the context of arbitral awards." *Smarter Tools*, 57 F.4th at 378. "The award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* at 379. The party opposing confirmation "bears the heavy burden of showing that (1) 'the law that was allegedly ignored was clear, and in fact explicitly applicable to the matter before the arbitrators,' (2) 'the law was in fact improperly applied, leading to an erroneous outcome,' and (3) 'the arbitrator . . . kn[ew] of its existence, and its applicability to the problem before him.'" *Wells Fargo Advisors LLC v. Tucker*, 373 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 390 (2d Cir. 2003)).

Here, Respondents have not appeared, and the Court will accordingly treat the petitions as unopposed motions for summary judgment. The Plan clearly provides that disputes under it will be subject to arbitration under the rules of the ICC, and the arbitrator based the Awards on the Plan's plain language. *See Macías* Final Award, *Macías* ECF No. 28-1; *Helguero* Final Award, *Helguero* ECF No. 10-1. Under these facts, there is more than a "barely colorable justification" for the Arbitrator's decisions. *See Smarter Tools*, 57 F.4th at 378. Accordingly, the Arbitration Awards are **CONFIRMED**.

## II.      Pre-Judgment Interest

"The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court." *SEIU v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In this Circuit, there is a "presumption in favor of pre-judgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir.1984). The "common practice" among courts within the Second Circuit is to grant interest at a rate of nine percent, the rate of pre-judgment interest under New York State law. *SEIU*, 326 F. Supp. 2d at 550 (citing N.Y. C.P.L.R. §§ 5001-5004). Here, the Court concludes that there is no reason to depart from the presumption in favor of pre-judgment interest, and finds it warranted in this case.

## CONCLUSION

For the reasons given above, the Petitions to confirm the arbitration awards are **GRANTED** and the final Arbitration Awards are **CONFIRMED**. This includes the arbitrator's award of attorney's fees and arbitration costs in *Macías* and the arbitrator's award of arbitration costs in *Helguero*. The Court further awards post-judgment interest on both cases.

Petitioners are directed to file Proposed Judgments in each case electronically, in accordance with this Order, using the ECF Filing Event "Proposed Judgment," no later than fourteen days after the entry of this Order.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 9, 2025
       New York, New York

_____
DALE E. HO
United States District Judge